IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3006 |
| | ) | |
| v. | ) | TENTATIVE FINDINGS ON |
| | ) | PRESENTENCE INVESTIGATION |
| ELOY SIMENTAL-RODRIGUEZ, | ) | REPORT AND RULING ON |
| | ) | OBJECTION BY THE |
| Defendant. | ) | GOVERNMENT |
| | ) | |

The government has objected to paragraph 32 of the Presentence Investigation Report which says:

**Specific Offense Characteristics**:   None.

The government argues that the defendant should have been given an increase in the offense level to level 18 under 2K2.1(5), "since the gun was being used in connection with the conspiracy to distribute controlled substances and/or to launder monetary instruments."

The probation officer's response is that the circumstances do raise suspicions, but that an enhancement pursuant to § 2K2.1(b)(5) "cannot be applied based on speculation."

I have no information to rely on, except what is in the Presentence Investigation Report and not objected to.   Paragraph 10 of that report says that, "On November 20, 2005, the defendant was driving a car in Seward County.   A hidden compartment was found in a vehicle in which were found a Jennings .380 handgun and $16,500 in cash.   The defendant admitted that the gun and cash were his."

Paragraph 13 repeats the information quoted from paragraph 10 and additionally says that "Offense reports also indicate an additional $1,550 in cash was found on Mr. Simental-Rodriguez' person."

Paragraph 14 says, "Law enforcement officers went through a process and determined that the cash was connected to drug activity. The process they used was to place the seized cash and some 'clean' control cash in separate areas of a room. A drug detection dog was then utilized and he 'hit' on the seized cash. The cash was also tested, with results indicating the presence of cocaine."

Neither the government nor the defendant has asked for an evidentiary hearing and neither has presented any evidence by affidavit, letter, report or other document attached to the statement of position, as required by the Order on Sentence Schedule of March 30, 2006. I conclude, therefore, that both counsel expect me to make a finding on the objection without the benefit of any further evidence.

I conclude that the slight evidence I have before me, though raising suspicions, as the probation officer has said, is speculative as to whether the handgun was "used or possessed . . . in connection with another felony offense . . . or possessed . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, as required by § 2K2.1(b)(5) of the Sentencing Guidelines.

The government's position is that the gun "was being used in connection with a conspiracy to distribute controlled substances and/or to launder monetary instruments." I do not see evidence of an agreement or arrangement or understanding with some other person to distribute controlled substances or to launder monetary instruments. No person is identified in any way who might

-2-

have been a coconspirator.  That the testing of the cash "indicat[ed] the presence of cocaine" gives no hint that the amount of cocaine present could have been or was intended or expected to be used or possessed for a distribution of the cocaine or the laundering of monetary instruments.

    I tentatively find that the Presentence Investigation Report is accurate and the objection by the government is overruled.  Objections may be made to these tentatively findings at the time of the sentencing, but no evidence shall be received and none has been requested to be received.

    Dated June 7, 2006.

                      BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge